IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Michael Taylor, | ) |
|        Plaintiff, | ) Civil Action No. 7:18-cv-00765-TMC |
| vs. | ) **ORDER** |
| Tommy Cudd, Melony Warner, and Penny Epps, | ) |
|        Defendants. | ) |

      Plaintiff Michael Taylor ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 and *Bivens*[1] alleging the Defendants violated his Fourth Amendment right to be free from unreasonable seizures and his First Amendment right to free speech, and that Defendants conspired to violate his constitutional rights. *See* (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). On May 29, 2019, Defendants Melony Warner and Penny Epps (the "Federal Defendants") filed a motion to dismiss. (ECF No. 28). Plaintiff filed his response in opposition on July 30, 2019. (ECF No. 43). Defendant Cudd then filed a motion for summary judgment on August 23, 2019. (ECF No. 45). Plaintiff filed a response in opposition, (ECF No. 50), and Defendant Cudd replied, (ECF No. 60). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Federal Defendants' motion to dismiss and Defendant Cudd's motion for summary judgment. (ECF No. 61). Plaintiff filed objections to the Report, (ECF No. 62), and Defendant Cudd filed a response to Plaintiff's objections, (ECF No. 67). This matter is now ripe for review.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. For the reasons set forth below, the court grants summary judgment in favor of Defendant Cudd and dismisses all of Plaintiff's claims against the Federal Defendants.

**BACKGROUND[2]**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 61). Briefly, this action stems from a dispute regarding the location of a mailbox. Plaintiff serves as the primary caregiver for his mother, who suffers from dementia. (ECF No. 1, ¶ 5). Due to a prior disagreement with the Post Office and the postal carriers, Plaintiff was required to collect his mother's mail directly from the Post Office. *Id*. at ¶ 6. Thus, on March 11, 2017, Plaintiff went to the Jonesville Post Office to pick up his mother's mail. *Id*. When he asked if there was any mail for his mother, Defendant Warner, a postal worker, responded that Plaintiff "could ask for the mail in a nicer tone of voice." *Id*. at ¶¶ 4, 7. Plaintiff answered that he did not have to be nice, he simply wanted to pick up his mother's mail. *Id*. at ¶ 7.

At that point, Defendant Warner went to the back of the Post Office and returned with Defendant Epps, a postal carrier. *Id*. at ¶ 8. Defendant Warner continued to tell Plaintiff that he needed to improve his attitude, and then called the police. *Id*. While Defendant Warner was on the phone with the police, Defendant Epps "began talking loudly describing Plaintiff." *Id*. Plaintiff then told Defendant Epps that "he knew about her and her family[,]" and repeated that he did not have to be nice to them. *Id*. Plaintiff left the Post Office as soon as Defendant Warner indicated there was no mail for his mother. *Id*.

---

[2] The facts presented herein are taken directly from the Complaint, *see* (ECF No. 1).

After Plaintiff left the Post Office, Defendant Tommy Cudd, a deputy with the Union County Sheriff's Department, responded to the Post Office. *Id*. at ¶¶ 3, 9. Defendants Warner and Epps told Defendant Cudd that Plaintiff had used profane language towards them and spoken in a loud voice. *Id*. at ¶ 9. Defendant Epps further claimed that Plaintiff had threatened her and her family. *Id*. Based on these allegations, Defendant Cudd had warrants sworn out for Plaintiff's arrest and, later that day, Plaintiff was arrested on charges for public disorderly conduct and threatening the life of a public official. *Id*. at ¶¶ 9, 10. Plaintiff spent the night in the Union County Detention Center and was released the following morning on bond. *Id*. at ¶ 11.

Plaintiff proceeded to a jury trial on the charges on October 26, 2017. *Id*. at ¶¶ 12, 13. During trial, Plaintiff moved for directed verdict which the South Carolina magistrate judge granted with respect to the charge for threatening the life of a public official, finding that federal employees did not meet the definition of "public employees" covered by the statute. *Id*. at ¶ 14. The public disorderly conduct charge, on the other hand, proceeded and the jury returned a verdict of not guilty. *Id*. at ¶¶ 15, 16. Subsequently, Plaintiff initiated the instant action alleging that the Defendants conspired to violate his First and Fourth Amendment rights.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and

conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

4

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

On the other hand, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp.*, 477 U.S. at 322.

**DISCUSSION**

Although Plaintiff filed objections to the Report, most of his objections fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 62). In fact, Plaintiff explicitly notes that his objections merely "reassert[] the arguments made in his original response[s]" to the Defendants' dispositive motions. *Id*. at 1–2, 6. However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier*, 2012 WL 5381201, at *1. Further, the court finds that the magistrate judge fully and correctly addressed the issues and arguments raised by the parties' briefing on the Defendants' motion to dismiss and motion for summary judgment. *See* (ECF No. 61). Accordingly, these objections are without merit and are overruled.

Plaintiff does, however, raise two errors he contends the magistrate judge made in her Report. *See* (ECF No. 62 at 2–7). First, Plaintiff appears to argue the magistrate judge applied the wrong standard of law with respect to his "4th amendment 1983 malicious prosecution claim[]" regarding the charge for threatening the life of a public official. *See id*. at 2. Initially, the court notes that the phrase "malicious prosecution" appears nowhere in the Complaint. *See* (ECF No. 1). Indeed, the first time Plaintiff ever even mentioned a malicious prosecution claim was in his response to Defendant Cudd's motion for summary judgment, where he explicitly recognized that "there is no cause of action entitled '1983 malicious prosecution[.]'" (ECF No. 50 at 6). Nevertheless, throughout his response to the summary judgment motion, Plaintiff repeatedly refers to his claims as malicious prosecution claims. *See id*. at 15–16. To the extent Plaintiff is attempting to morph his pleadings into a claim for malicious prosecution, "'a party is generally not permitted to raise a new claim in response to a motion for summary judgment.'" *Hampton v. Edgerton*, Civ. A. No. 4:14-cv-04697-JMC, 2015 WL 5254760, at *9 n.1 (D.S.C. Sept. 9, 2015)

(quoting *White v. Roche Biomed. Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992)). In this case, Plaintiff's Complaint raises no allegation of or claim for malicious prosecution and, because Plaintiff is represented by counsel, the court is not required to liberally construe his pleadings. *See, e.g.*, *Shetty v. Hampton Univ.*, Action No. 4:12cvl58, 2014 WL 280448, at *5 (E.D. Va. Jan. 24, 2014). Thus, to the extent Plaintiff is attempting to raise an additional claim for common-law malicious prosecution in his response to Defendant Cudd's motion for summary judgment, such claim is not properly before the court and is not considered. *See Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment).

Additionally, to the extent Plaintiff is attempting to convert his Fourth Amendment claim into a "4th amendment 1983 malicious prosecution claim[]", Plaintiff has repeatedly acknowledged that the Fourth Circuit does not recognize such a cause of action. *See* (ECF Nos. 50 at 6; 62 at 3 (citing *Lambert v. Williams*, 223 F.3d 257 (4th Cir. 2000), *cert. denied*, 531 U.S. 1130 (2001))). Rather, the Fourth Circuit has clarified that "[w]hat is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation." *Lambert*, 223 F.3d at 260. In other words, what Plaintiff refers to as a "1983 malicious prosecution" claim "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution— specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." *Id*. at 262. This is exactly the standard set forth and applied by the magistrate judge to Plaintiff's claims. *See* (ECF No. 61 at 16 ("To succeed on a claim that an arrest made pursuant to a warrant was not supported by probable cause, a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings

terminated in the plaintiff's favor." (quoting *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017)) (internal quotation marks and alterations omitted))). Plaintiff's objections fail to identify how this standard deviates from the facts nor does Plaintiff suggest what proper Fourth Amendment standard should have been applied.[3]

In this case, the magistrate judge applied the correct standard and found that, based on the information known to Defendant Cudd at the time, there was probable cause to arrest Plaintiff for public disorderly conduct. (ECF No. 61 at 16–20). And, as Plaintiff has repeatedly conceded, "[a]n arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed." *Holmes*, 511 F.3d at 682. Thus, because the magistrate judge found there was probable cause for Plaintiff's arrest on the public disorderly conduct charge, the seizure was justified and complied with the requirements of the Fourth Amendment, regardless of whether the second charge for threatening the life of a public official was flawed. *See id.*; *see also Holloman v. City of Myrtle Beach*, Civ. A. No. 4:04-1868, 2006 WL 4869353, at *7 (D.S.C. June 8, 2006) (noting that "where an arrestee is charged with multiple offenses, 'if there was probable cause for any of the charges made then the arrest was supported by probable cause'" (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)) (internal alterations omitted)). Therefore, the magistrate judge correctly concluded that it "need not determine whether probable cause existed for the separate charge of threatening the life of a public

---

[3] Instead, Plaintiff copied and pasted an extensive quote from a Seventh Circuit opinion from his response to the motion for summary judgment regarding the impact of probable cause for Fourth Amendment violations on claims for common-law malicious prosecution. *Compare* (ECF No. 50 at 15–16), *with* (ECF No. 62 at 5–6). However, as noted above, Plaintiff has not brought a claim for malicious prosecution, nor can he now be permitted to alter his claims in response to Defendant Cudd's motion for summary judgment. *Hampton*, 2015 WL 5254760, at *9 n.1. Accordingly, Plaintiff's citation to and reliance on the Seventh Circuit's opinion in *Holmes v. Village of Hoffman Estate*, 511 F.3d 673 (7th Cir. 2007) is entirely irrelevant to the claims at issue in this case.

8

official because Plaintiff 'has no cognizable Fourth Amendment claims associated with this second charge.'" (ECF No. 61 at 20 (quoting *Smith v. McCluskey*, 126 Fed. App'x 89, 93 (4th Cir. 2005))).

Finally, Plaintiff's second objection asserts that the magistrate judge erred by "fail[ing] to meaningfully address the issue of Qualified Immunity." (ECF No. 62 at 6). However, it is well-established that a court need not consider or discuss every argument presented by a party, particularly when one issue is dispositive of the matter as a whole. *See, e.g.*, *Marley v. Univ. of S.C.*, C/A No. 3:08-937-CMC-JRM, 2010 WL 3852175, at *2 (D.S.C. Sept. 27, 2010) (noting that "neither the Magistrate Judge nor this court need address every legal argument advanced by either party"); *see also Derrick v. Johnson Controls, Inc.*, Civ. A. No. 3:10-cv-3295-CMC, 2012 WL 2072782, at *9 (D.S.C. June 8, 2012) (declining to address additional arguments for summary judgment where the absence of proof of one element was dispositive). The magistrate judge found that Plaintiff's arrest was supported by probable cause and, accordingly, his Fourth Amendment claims failed as a matter of law. (ECF No. 61 at 20). Therefore, the court declines to find error based on the Plaintiff's broadly-stated argument that the magistrate judge erred by failing to address the additional issue of qualified immunity.

## CONCLUSION

Thus, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. For the reasons set forth above, the court adopts the magistrate judge's Report, (ECF No. 61), and incorporates it herein. Accordingly, the Federal Defendants' Motion to Dismiss (ECF No. 28) and Defendant Cudd's Motion for Summary Judgment (ECF No. 45) are **GRANTED**.

**IT IS SO ORDERED.**

                                                                           s/Timothy M. Cain
                                                                           United States District Judge

Anderson, South Carolina
February 28, 2020